**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBYN D. P., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:24-cv-09088-HDV (BFM) <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the Commissioner's decision to deny Plaintiff's application for disability benefits be affirmed. (ECF No. 16.) Plaintiff's objections to the Report (ECF No. 18) do not merit a change to the Report's findings or recommendations.

Plaintiff objects that the Report impermissibly supplied missing reasons that the Administrative Law Judge ("ALJ") did not author. (ECF No. 18 at 2-4.) The allegedly missing reasons involved Plaintiff's need to use a cane for balance, not

just ambulation, in performing a range of light work. (*Id*. at 2.) As the Report found, however, no medical source opined that Plaintiff required a cane for balance, as required by Social Security Ruling 96-9p, 1996 WL 374185, at *7. (ECF No. 16 at 6.) Plaintiff points to no such evidence. (*Id*.) Thus, Plaintiff does not persuasively argue why the ALJ was required to make a detailed finding about a limitation that no medical source found.

Plaintiff objects that the Report mistakenly found that "the ALJ's failure to provide a robust explanation is harmless." (ECF No. 18 at 4-6.) As the Report found, however, given the absence of evidence from a medical source opinion that Plaintiff needed a cane for balance, the ALJ's analysis of the issue was not erroneous. (ECF No. 16 at 6.) Moreover, even assuming that the failure to provide an explanation was erroneous, the error was harmless because the ALJ credited the only cane-related limitation that any medical professional ever suggested was appropriate, which was the need to use a hand-held assistive device for ambulation. (ECF No. 8-3 at 22.) As such, any failure to provide a more thorough explanation was harmless. (ECF No. 16 at 8.)

IT IS ORDERED that (1) the Report and Recommendation is accepted and adopted; (2) Plaintiff's motion for summary judgment is denied; and (3) Judgment will be entered in favor of Defendant affirming the decision of the Commissioner.

DATED: __8/20/25_____

_____
HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE